La Ermita de Nuestra Señora del Rosario, Plaintiff and Appellee, *v.* Margarita Collazo, Defendant and Appellant.

No. 5423.    Argued December 2, 1930.—Decided December 10, 1930.

*A. Arnaldo Sevilla* for appellant. *José Sabater* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an appeal from a judgment in favor of the plaintiff rendered in an unlawful detainer proceeding instituted by the appellee.

Numerous grounds of appeal have been assigned by the appellant. One of them is of such nature that, if sustained by us, would finally dispose of the proceeding in question. We shall consider it.

It was alleged by the appellee in its complaint in the unlawful detainer proceeding that it owns a two-acre parcel of land, which it described; that the appellant is in possession of a part thereof, to wit, a building lot measuring 207.40 square meters on which a house stands, and that the appellant occupies the said lot without any title and without paying any rent, and refuses to vacate it notwithstanding the demands made upon her for that purpose. Based on those averments, it prayed for a judgment evicting the appellant. The latter opposed the complaint on several grounds, one of which was that she is the owner of the house existing on the said lot, although she does not own the land on which it stands, and therefore there is a conflict of titles; and, further, that she can not be evicted from the house in the present unlawful detainer proceeding.

We have repeatedly held that where a title to the possession is set up by the defendant and such claim is not wholly unsupported by the evidence, the dispossession should not be ordered, but the parties should litigate the title to the property in an ordinary action. *Del Valle* v. *Andreu et al.,* 11 P.R.R. 398; *Mehrhof* v. *Rodríguez et al.,* 14 P.R.R. 56; *Elzaburu* v. *Chávez et al.,* 15 P.R.R. 16; *Torres et al.* v. *Pérez,* 18 P.R.R. 557; *Andino* v. *Canales,* 27 P.R.R. 262; *Hernández et al.* v. *Padilla,* 35 P.R.R. 469.

The appellant recorded in 1901 in the registry of property her possession of the house, which she had built ten years previously. It is admitted by the parties, and so found by the lower court, that she is the owner of the house standing on the lot, which is the object of the unlawful detainer proceeding; and the court gave judgment for the appellee on the ground that there is no conflict of titles in the present case as to the lot on which the house is built. There is no further pronouncement in the judgment, but the legal consequence thereof is that the defendant must be evicted from the lot if she fails to vacate it within the period prescribed by law, and necessarily also from the house, as otherwise the judgment could not be complied with.

From the foregoing we must conclude that as, according to the said judgment, the appellant is the owner of the house standing on the lot of the appellee, there is a conflict of titles between the parties, because, although the house is an accessory to the land, our Civil Code recognizes the right of any person who builds on another's land not to be deprived of his property without the proper compensation if he build in good faith, and these questions can not be disposed of in such a summary proceeding as that of unlawful detainer.

From the reasons stated, the judgment appealed from must be reversed and another rendered instead in favor of the defendant, without special imposition of costs.